# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

CORAN NETTLES,            )
                                      )
           Petitioner,         )
                                      )
         v.                   )         Case No. 4:20-CV-00203-JAR
                                      )
BILL STANGE,             )
                                      )
           Respondent.      )

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Coran Nettles' Motion for Stay and Abeyance. (Doc. 8). Petitioner filed a Petition for Writ of Habeas Corpus on February 5, 2020. (Doc. 1). Petitioner has subsequently acknowledged that Grounds 5 and 6 of the Petition are unexhausted but argues that "[g]ood cause exists for his failure to exhaust . . . because the grounds were not known to him until after his post-conviction proceedings were final." (Doc. 8 at 1). The Court ordered Respondent Bill Stange to respond (Doc. 20). No response has been filed, and the time to respond has lapsed. Accordingly, the instant motion is ready for disposition.

Federal courts may not grant a writ of habeas corpus brought by a person in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement provides states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). District courts may not adjudicate "mixed" petitions, *i.e.*, petitions containing exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509 (1982). A district court may, however, excuse a petitioner's failure to exhaust his claims if it determines that (1) the petitioner has good cause for failure to exhaust his claims; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in

dilatory tactics. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Petitioner explicitly relies on *Rhines* in requesting that this Court grant his motion for stay and abeyance. (Doc. 8 at 1).

## *Ground 5*

In his fifth ground for relief, Petitioner argues that the trial court erred by barring cross-examination regarding a codefendants' previous violent criminal act, thereby violating Petitioner's rights under the Confrontation Clause of the Sixth Amendment. (Doc. 1 at 45). Petitioner claims that this ground for relief "was not known to him until after his post-conviction proceedings were final." (Doc. 8 at 1). As Petitioner acknowledges in his own Petition, however, the facts underlying this ground were readily apparent from the trial. (Doc. 1 at 45-51). At trial, there was an extensive discussion between counsel and the court as to this very issue, with the court ultimately sustaining the prosecution's objection regarding the defense's line of questioning. (Doc. 18-1 at 816-20).

Good cause under *Rhines* requires that the "petitioner's default was caused by something external to the defense, i.e., something for which the petitioner is not responsible." *McArthur v. Bowersox*, No. 4:14-CV-1660-SPM, 2016 WL 866040, at *3 (E.D. Mo. Mar. 7, 2016). Petitioner has provided no argument that good cause exists beyond his bare assertion. To the extent Petitioner is claiming that he simply did not know a state court remedy was available for this claim, this does not constitute good cause under *Rhines*. *See Ivory v. Cassady*, No. 4:14-CV-2093 RWS/PLC, 2016 WL 764017, at *2 (E.D. Mo. Feb. 9, 2016).

This Court also finds that Ground 5 is not potentially meritorious. The Petition cites Missouri precedent for the proposition that the trial court erred because opposing counsel had opened the door to the testimony in question. (Doc. 1 at 48). But "it is not the province of a federal habeas court to reexamine state-court determinations of state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner attempts to reach a constitutional violation by claiming that

the Confrontation Clause is implicated. In *Briscoe v. Norman*, however, the court upheld a state court's determination that the trial court did not violate the Confrontation Clause "when excluding offers of impeachment on immaterial or collateral matters" during cross-examination of a witness. No. 4:11-CV-1154 JCH, 2014 WL 4204903, at *3 (E.D. Mo. Aug. 22, 2014). The testimony at stake here, whether the codefendant was in fact in shock, is a collateral matter. Because Petitioner cannot establish that good cause exists for his failure to exhaust Ground 5 or that the claim is potentially meritorious, the motion for stay and abeyance will be denied as to Ground 5.

### Ground 6

In his sixth ground for relief, Petitioner argues that his trial counsel was ineffective for failing to "elicit thorough cross-examination and/or present evidence" that the same prosecutor (Prosecutor Minnigerode) represented the State both against Petitioner at trial and against his co-defendant, Bryan Shelton, at sentencing. (Doc. 1 at 52). Petitioner contends this created an incentive for Shelton to lie at trial in order to obtain a more lenient sentence. (*Id.* at 55).

Once again, Petitioner provides no good cause for his failure to exhaust this claim. Petitioner had every reason to be aware of this issue, especially given the following exchange at trial between Petitioner's trial counsel and Shelton:

> Q: And your testimony is here because you were hoping for some favor from the sentencing judge, isn't that right?
>
> A: I hope I could just get – yeah.
>
> Q: Right. So that's why you're testifying, because you're hoping that the sentencing judge has some favor on your sentence, right?
>
> A: Yes, sir. (Doc. 18-1 at 840).

As to the specific issue of Prosecutor Minnigerode's dual roles, the transfer to Prosecutor Minnigerode allegedly occurred on May 2, 2013, and Shelton's actual sentencing proceeded on

April 10, 2014. (Doc. 1 at 58). Petitioner's brief in support of his direct appeal in state court, meanwhile, was not filed until May 2015, and the brief in support of his post-conviction appeal was served on February 14, 2019. (Docs. 18-3; 18-9). Petitioner's post-conviction appeal made numerous ineffective assistance claims but did not address the issues underlying Ground 6 of the current Petition. Petitioner has not provided any good cause as to why this issue was not addressed in his appeals.

In the alternative, a stay and abeyance pursuant to *Rhines* is not warranted because Petitioner has not demonstrated that Ground 6 is potentially meritorious. The record reflects that trial counsel questioned Shelton specifically on the matter of his motivation to obtain a lesser sentence. To demonstrate ineffective assistance of counsel, Petitioner must overcome the high bar of *Strickland v. Washington* by showing that (1) counsel's performance fell below an objective standard of reasonableness and (2) Petitioner was sufficiently prejudiced such that "the result of the proceeding would have been different." 466 U.S. 668, 694 (1984). "It is not sufficient for a defendant to show that the error had some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding." *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) (quoting *Strickland*, 466 U.S. at 693). Petitioner cites no precedent for the proposition that the same prosecutor being assigned to cases against codefendants creates any conflict. There is also no reasonable argument that the outcome of the trial was unreliable because trial counsel failed to show that Prosecutor Minnigerode was assigned to both cases. Because Petitioner cannot establish that good cause exists for his failure to exhaust Ground 6 or that the claim is potentially meritorious, the motion for stay and abeyance will be denied as to Ground 6.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Coran Nettles' Motion for Stay and Abeyance

(Doc. 8) is **DENIED**.


Dated this 7th day of December, 2020.


_____

JOHN A. ROSS

UNITED STATES DISTRICT JUDGE